UNITED STATES DISTRICT COURT
FOR THE CENTRIAL DISTRICT OF ILLINOIS

TRUSTEES OF THE N.E.C.A./LOCAL 145 )
I.B.E.W. PENSION PLAN, AS COLLECTION )
AGENT FOR ALL FRINGE BENEFITS, )
                                                    ) No. _____
    Plaintiff, )
                                                    )
Vs. )
                                                    )
KARIN A. HERRELL, INDIVIDUALLY and )
d/b/a HERRELL ELECTRIC )
    Defendant. )

**COMPLAINT**

COMES NOW the Trustees of the N.E.C.A./Local 145 I.B.E.W. Pension Plan, as Collection Agent for all Fringe Benefits, by their attorneys, and for their cause of action against the Defendant, Karin A. Herrell, Individually and d/b/a Herrell Electric, alleges as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 USC 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2), because the Plaintiffs and the Defendant are located in this federal district and the breaches giving rise to this action took place in this federal district.

1

3. Plaintiff, Trustees of the N.E.C.A. Local 145 I.B.E.W. Pension Plan, ("Plan") Individually, and as collection agent for all Fringe Benefits, are appointed Trustees of certain Taft-Hartley pension funds and are required by the U.S. Department of Labor to enforce signatory contractor fund obligations. Trustees act on behalf of their own Fund as well as the authorized representatives of all benefit obligations arising under the Collective Bargaining Agreement. The Plan maintains administrative offices at 1700 52nd Ave., Suite B., Moline, IL 61265.

4. Defendant, which has its principal place of business in Mt. Carroll, IL, has done and continues to do business within the geographic jurisdiction of the Court.

5. For all times relevant, Defendant Herrell Electric was a party to and agreed to abide by the terms of the agreement between International Brotherhood of Electrical Workers, Local 145, located in Moline, IL, and The Quad Cities Chapter of the National Electrical Contractors Association, with a Letter of Assent being signed by Defendant originally on October 22, 2003 . (Attached as Exhibit "A")

6. By adoption of said Collective Bargaining Agreement, Defendant agrees to make certain and timely fringe benefit payments, including pension fund contributions, and further impliedly adopts the trust agreements and amendments thereof which establish and govern the Plan and are necessary for its administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said Trust Agreements, together with their successors selected in the manner provided in

such trust Agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

7. Defendant is delinquent and has breached its obligations to Plaintiff under the agreement.

8. By virtue of adopting the Collective Bargaining Agreement and, in particular Section 2.26, Defendant has agreed as follows:

    A.    to file monthly reports and make timely and prompt contributions to the Plaintiff Plan for each employee covered by the aforementioned labor agreement;

    B.    to designate and accept as its representatives the Trustees named in the declaration of trust and their successors;

    C.    to adopt and abide by all of the rules and regulations adopted by the Trustees of the Plan pursuant to the trust agreements;

    D.    to adopt and abide by all of the actions of the Trustees in administering the Plan in accordance with the trust agreements and the rules so adopted; and

    E.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

    F.    to submit and participate in the auditing program which program shall allow Fund to review and audit contractor payroll records.

9. Defendant has failed to perform its obligations pursuant to the terms and conditions of the Collective Bargaining Agreement and trust agreements by, although not necessarily limited to, the following:

   A. failing to cooperate with an audit by the Funds.

10. Section 502(g)(2) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (Sec. 306(b)(2)) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1954.

11. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

4

12.     Plaintiff has incurred reasonable attorney fees and court costs as a result of Defendant's failure to submit payroll records for an audit.

**WHEREFORE**, the Plaintiffs demand the following relief from Defendant as follows:

1.      That an accounting be taken as to all employees of Defendant covered by the Collective Bargaining Agreement or Agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff, covering the period for which the Collective Bargaining Agreement is to be effective.

2.      For delinquent pension fund contributions, interest thereon, for liquidated damages, and for audit and attorneys fees pursuant to 29 USC 1132(g) and for such other, further or different relief as the Court deems just and proper.

By: /s/ John S. Callas
John S. Callas

McCarthy, Callas & Feeney, P.C.
329 Eighteenth Street
Rock Island, IL 61204-3100
(309) 788-2800

## LETTER OF ASSENT - A

In signing this letter of assent, the undersigned firm does hereby authorize [1]   Quad Cities Chapter NECA   as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved [2] Inside   labor agreement between the

Quad Cities Chapter NECA   and Local Union [3] 145 , IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the [4] 22nd day of October, 2003. It shall remain in effect until terminated by the undersigned employer giving written notice to the Quad Cities Chapter NECA and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

**APPROVED**
INTERNATIONAL OFFICE - I.B.E.W.
OCT 28 2003
Edwin D. Hill, President
This approval does not make the International a party to this agreement.

Herrell Electric
[5] Name of Firm

1003 N Lowden Rd
Street Address/P.O. Box Number

Mt Carroll IL   61053
City, State (Abbr.) Zip Code

[6] Federal Employer Identification No.: 36-3366402

SIGNED FOR THE EMPLOYER
BY [7] /s/ Karin A Herrell
       (original signature)
NAME [8] KARIN A HERRELL
TITLE/DATE PRESIDENT   10/22/03

SIGNED FOR THE UNION [3] 145 IBEW
BY [7] /s/ Scott A. Verschoore
       (original signature)
NAME [8] Scott A. Verschoore
TITLE/DATE Business Manager  10/22/03

---

INSTRUCTIONS (All items must be completed in order for assent to be processed)

[1] NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.

[2] TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.

[3] LOCAL UNION
Insert Local Union Number.

[4] EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

[5] EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

[6] FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

[7] SIGNATURES

[8] SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW. FORM 302 REV. 9/01